IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kristen Decina, | ) | Case No.4:19-cv-02079-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Horry County Police Department and Amos Berry, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West made in accordance with § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Kristen Decina ("Decina" or "Plaintiff") brought this case alleging a 42 U.S.C § 1983 claim against officer Amos Berry ("Berry") for False Arrest and Malicious Prosecution and other State law claims against Horry County Police Department ("HCPD") (Berry and HCPD collectively "Defendants") after she was arrested for domestic violence charges on January 22, 2018. (DE 57, pp. 1-3.) Defendants filed a Motion for Summary Judgment contending *inter alia* that Plaintiff's 42 U.S.C. § 1983 claim fails because Plaintiff's arrest was made pursuant to a facially valid arrest warrant supported by probable cause. (DE 57, p. 4.) Moreover, Defendants further contend that Berry is entitled to qualified immunity for Plaintiff's alleged constitutional

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

violation claims. (DE 57, p. 4.) For the reasons set forth herein, the Court adopts the Report and Recommendation and grants the Defendants' Motion for Summary judgment.[2]

## BACKGROUND

A full recitation of Plaintiff's allegations is set forth in the Report, which the Court adopts. However, given the objections raised by Plaintiff and for the sake of brevity, the following summary of facts is sufficient for the matters addressed herein.

In the early morning hours of January 6, 2018, a physical domestic dispute occurred when Brandon Atkinson ("Atkinson") came to Decina's home despite her warning him that he was not welcome. (DE 57, p. 2.) As a result, Decina sustained damage to *inter alia* her front door, vehicle, and person. (DE 57, p. 2. DE 42, p. 1.) Decina called Horry County 911 around 1:46 a.m. and then twice more later in the morning. (DE 57, p. 2.) As a result, Berry was dispatched to her home around 9:00 a.m. that day, met with Decina and observed her injuries and damage, and then met with Atkinson. (DE 57, p. 2.) Atkinson admitted to causing damage to Decina's property, and to grabbing Decina to calm her down. (DE 42, p. 5.) However, Atkinson also reported that Decina bit him on the chest while he was grabbing her. (DE 42, p. 7.) Additionally, Berry testified Atkinson stated that "[Decina] threw a knife" and that there "was a weapon [sic] involved." (DE 57, p. 7. DE 42, p. 7.) Based on his investigation, Berry pursued an arrest warrant for both Decina and Atkinson.[3] Thereafter, Berry emailed his case reports, the two warrant request forms, and

---

[2] As the Court dismisses Plaintiff's sole federal claim herein, the Court declines to retain jurisdiction over the remaining state claims per 28 U.S.C. § 1367(c) (providing that the district courts may decline to exercise supplemental jurisdiction as to claims forming the same case or controversy as those within the court's original jurisdiction if the district court has dismissed all claims over which it has original jurisdiction).

[3] During his deposition, Berry stated that he could not determine who the primary aggressor was in the incident because he received conflicting statements. (DE 57, p. 7.) However, notwithstanding Atkinson violations, Berry believed Decina violated section 16-25-20(A)—(C) of the South Carolina Code; thus, sought out an arrest warrant for second-degree domestic violence against Decina. (DE 57, p. 7.)

photographs of Decina and Atkinson's injuries to Horry County Magistrate's Office on January 6, 2018, because he would not be on duty the following day. (DE 57, p. 7.)

As a result, Officer Deneane Pennington ("Pennington" or "Officer Pennington") appeared and presented the two warrants to the Horry County Magistrate Judge ("County Magistrate"). (DE 57, p. 8.) Pennington also testified that she handed Berry's investigative reports to the County Magistrate. Though Officer Pennington could not positively state that the County Magistrate read the reports, she testified that she presented the reports to him prior to the execution. The County Magistrate signed the warrant on January 22, 2018, and Decina was arrested for Second Degree Domestic Violence. However, she was later released on a $5,000.00 bond and her charges were eventually dismissed during her preliminary hearing because the State took no position on the matter. (DE 42, p. 10. DE 57, p. 13.)

Plaintiff contends that she was falsely arrested because *inter alia* there was no probable cause to support the arrest warrant and the County Magistrate erroneously relied on unsworn information in the investigatory report to establish probable cause. (DE 57, p. 4.) Additionally, Plaintiff contends that Berry is not entitled to qualified immunity because he deliberately, or with reckless disregard for the truth, made a material misrepresentations or omissions in his warrant application. The Report recommends granting Defendants' Motion for Summary Judgment because Berry had probable cause to arrest her and he is otherwise entitled to qualified immunity. For the reasons set forth herein, the Court adopts the Report and Recommendation and grants Defendants' Motion for Summary Judgment.

## DISCUSSION

Although Plaintiff has filed an objection to the Report (DE 59), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes

a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff makes the following "objections" to the Report, which the Court will discuss *seriatim*. First, Plaintiff contends that the Report improperly resolved three disputed issues of fact in favor of Berry rather than Decina, and the Report failed to address that Berry was disciplined for unlawfully arresting Decina. Accordingly, Plaintiff identifies three statements in the Report that are conclusions by the Magistrate regarding whether Berry omitted key facts from his warrant affidavit that would have negated probable cause and whether Barry's conduct entitled him to qualified immunity.[4] Although the record reveals that Plaintiff does not contest that the alleged omitted facts were in fact present in Berry's investigatory report and that the report was sent to the

---

[4] Plaintiff's qualified immunity objection will be addressed separately at the end of this Order and Opinion.

4

County Magistrate's office along with the warrant form, Plaintiff argues that the Report assumes that the County Magistrate read the information before executing the arrest warrant.[5] Moreover, Plaintiff concedes this objection was already raised in his opposition to Defendants' Motion for Summary Judgment and ultimately rejected by the Report. See DE 59 p. 2 ("For each of these factual conclusions contained within the Report and Recommendation the Plaintiff *has provided* direct or circumstantial evidence upon which a jury could reasonably conclude otherwise." (emphasis added)). Restatements of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). Since Plaintiff has offered nothing new on this issue, the Court overrules this objection because it is non-specific.

As to Plaintiff's claim that the Report fails to address that Berry was actually disciplined for making an unlawful arrest of the Plaintiff, this objection is equally non-specific because it is not a factual issue at the heart of the dispute between the parties. Plaintiff filed her lawsuit alleging

---

[5] Plaintiff also claims the warrant is invalid because unsworn items in an investigatory file cannot be used to establish probable cause; and therefore, the County Magistrate could not base his probable cause determination on Berry's report. Plaintiff cites State v. Driggers, 322 S.C. 506, 511, 473 S.E.2d 57, 60 (Ct. App. 1996) for the proposition that an unsworn written statement cannot be used to supplement an arrest affidavit. To the contrary, Driggers supports the Report's analysis holding that:

> . . . a sworn affidavit incorporated the written statement when the affidavit directly and expressly referred to it. See State v. Sullivan, 267 S.C. 610, 230 S.E.2d 621 (1976) (affidavits in support of search warrants should be viewed in a common sense and realistic fashion since they are not meticulously drawn by lawyers). Thus, the magistrate justifiably used the information in making his determination because Howell gave the written statement to the magistrate along with his affidavit. See State v. Bultron, 318 S.C. 323, 457 S.E.2d 616 (Ct.App.1995) (in determining probable cause, the magistrate should use all of the information available to him at the time the warrant was issued).

State v. Driggers, 322 S.C. 506, 511 n.1., 473 S.E.2d 57, 60 (Ct. App. 1996). In addition, Plaintiff contends there is a factual dispute as to whether the County Magistrate ever read Berry's report. However, the record indicates that Berry's report was emailed to the County Magistrate and also presented to him by Pennington. (DE 57, pp. 7-8.) As such, Plaintiff has not forecasted sufficient evidence to indicate the County Magistrate did not review the information. Accordingly, this Court finds the Report correctly determined the County Magistrate could look to Berry's report in determining probable cause, and there is nothing in the record to show that the County Magistrate failed to consider the information available to him to fulfill his duties.

*inter alia* false arrest which was predicated on an arrest warrant issued by a County Magistrate *not* a warrantless arrest by Berry. "The magistrate should determine probable cause based on all of the information available to the magistrate at the time the warrant was issued." State v. Dupree, 354 S.C. 676, 684, 583 S.E.2d 437, 441 (Ct. App. 2003). "An arrest warrant is invalid only if the officer preparing the affidavit included a false statement with reckless disregard for its truth and, after that statement is redacted, 'the affidavit's remaining content is insufficient to establish probable cause.'" Cahaly v. Larosa, 796 F.3d 399, 408 (4th Cir. 2015); citing, Franks v. Delaware, 438 U.S. 154, 156, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). Accordingly, disciplinary actions by HCPD against Berry, if any, are immaterial to Decina's false arrest claim because her false arrest claim is predicated on the information available to the County Magistrate when the warrant was issued not whether, in hindsight, Berry misapplied State law or if Decina was guilty of criminal domestic violence. See Cahaly, 796 F.3d at 408; citing, Heien v. North Carolina, 135 S. Ct. 530, 536-37, 190 L. Ed. 2d 475 (2014) ("Even if that determination was wrong as a matter of law, officers may have probable cause to arrest based on "reasonable mistakes of law.").[6] Thus, as

---

[6] Equally, Plaintiff objects that since Berry did not properly make a primary aggressor assessment, there was no probable cause to arrest Decina. (DE 59, pp. 5-6.) However, the Report indicates that Berry testified that he interviewed Plaintiff and Atkinson and could not determine who the primary aggressor was in the incident because he received conflicting statements. As noted in Cahaly, reasonable mistakes of law will not negate probable cause. See Cahaly, 796 F.3d at 408 supra. Since Plaintiff has not cited any law to support that Berry lacked probable cause notwithstanding a determination of a primary aggressor, the Court rejects this objection.

In addition, Plaintiff contends that the warrant narrative also failed to address facts favorable to Plaintiff such as the presence of bruises, abrasions, and dried blood on Decina's body and Atkinson's confession regarding property damage. (DE 59, p. 6.) Plaintiff attempts to support this argument by relying on her witness HCPD Investigator Don Causey's ("Causey") opinion. However, Plaintiff omits that he did not interview Atkinson nor did he take into account Atkinson's contention that Plaintiff repeatedly charged at him and threw a knife at him. Instead, Causey believed the only aggressive act by Plaintiff was throwing Atkinson's cell phone. (DE 44, pp. 9-10. DE 44-1, p. 64.) Moreover, after taking the time in his deposition to review the submission, Causey conceded he did not see anything incomplete or inaccurate in the Berry's warrant requests. (DE 44, p. 10. DE 44-1 pp. 69-70.) Therefore, this objection lacks merit.

Plaintiff has not forecasted any material facts in dispute, the Court is unmoved by Plaintiff's objection.

Finally, Plaintiff objects to the Report's finding that Berry is entitled to qualified immunity because the facts in the light most favorable to Plaintiff indicate that she was seized without probable cause in violation of her Fourth Amendment rights. (DE 59, p. 13.) "The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 183 (4th Cir. 1996). The United States Supreme Court held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. See Pearson v. Callahan, 555 U.S. 223, 230-33 (2009). As already discussed herein, the Court determined that Berry had probable cause to arrest Decina. Accordingly, as Decina has not forecasted any new evidence showing that Berry violated Decina's fourth amendment rights, the Court finds that evidence when viewed in the light most favorable to Decina shows that Berry performed the discretionary functions of his respective official duties in an objectively reasonable fashion, and thus is entitle to qualified immunity.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation (DE 57) and incorporates it herein,

and grants Defendants' Motion for Summary Judgment as to the federal claims against Defendant Berry, and the Court declines to retain jurisdiction over the remaining state law claims.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 39) is granted; and therefore, Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 24, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.